FILED
May 04, 2026
10:19 AM(ET)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT CHATTANOOGA

| | |
|---|---|
| **Hunter Meadows,**<br>             **Employee**,<br>**v.**<br>**Brown Bros., Inc.,**<br>             **Employer**,<br>**And**<br>**Business First Insurance Company,**<br>             **Carrier**. | **Docket No. 2025-10-7709**<br><br><br>**State File No. 60380-2025**<br><br><br>**Judge Audrey Headrick** |

---

### EXPEDITED HEARING ORDER
#### (*Decision on the Record*)

---

Mr. Meadows requested an order requiring Brown to authorize all future medical treatment and pay temporary disability benefits from November 2025 forward. Brown countered that it authorized medical treatment and recently offered specialist panels, from which Mr. Meadows made selections. It also disputed Mr. Meadows's entitlement to temporary disability benefits. For the reasons below, the Court holds Mr. Meadows is not entitled to the requested benefits.

### Claim History

On July 12, 2025, Mr. Meadows suffered injuries to his head, knees, back, hip, and right foot while operating a piece of heavy equipment. He received emergency treatment due to a scalp laceration but did not introduce those records.

In September 2025, Brown terminated Mr. Meadows for missing work. He began working for another construction company in October 2025 and continues working there, making a higher hourly wage.

The First Report showed that Brown reported Mr. Meadows's injury to its

1

carrier in December 2025 despite receiving notice of the injury on July 12.[1] After Brown reported the claim, Mr. Meadows selected Dr. Robert Sass from a panel.

Mr. Meadows saw Dr. Sass from January 2026 to March but did not introduce those office notes. He diagnosed thoracic, lumbar, sacroiliac, right-hip, and pelvis sprains along with chronic, post-traumatic headaches. Dr. Sass placed Mr. Meadows on restricted duty and referenced a possible seizure. In March, Dr. Sass diagnosed a right-acetabular labrum tear.

Brown recently offered Mr. Meadows specialist panels, from which he selected Dr. Larry Gibson, neurologist, and Dr. Rickey Hutcheson, orthopedist, on April 17.

## Findings of Fact and Conclusions of Law

Mr. Meadows must prove a likelihood of prevailing at a hearing on the merits that he is entitled to the requested benefits. Tenn. Code Ann. § 50-6-239(c)(6) (2025); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

First, Brown accepted Mr. Meadows's claim, and no present disputes exist about his treatment. Requests to order Brown to authorize all future treatment require an advisory opinion, which the Court must not do. *Charter Lakeside Behavioral Health Sys. v. Tenn. Health Facilities Comm'n*, 2001 Tenn. App. LEXIS 58, at *14 (Tenn. Ct. App. Jan. 30, 2001).

Next, Mr. Meadows sought temporary disability benefits from November 2025 forward. To receive temporary total disability benefits, Mr. Meadows must show: (1) a disability from working as the result of a compensable injury; (2) a causal connection between the injury and the inability to work; and (3) the duration of the period of disability. *Jones v. Crencor Leasing and Sales*, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015). For temporary partial disability benefits, he must show that Dr. Sass returned him to work with restrictions that an employer either could not or would not accommodate. *Id*. at *7-8.

Here, Mr. Meadows did not submit any medical records from November 2025 forward. Instead, he offered records from January 2026 to March. No

---

[1] The First Report showed July 17, 2025, as the injury date; however, the petition and all filings showed July 12.

2

documentation shows that a doctor took Mr. Meadows off work due to his work injuries, so he is not entitled to temporary total disability benefits.

Likewise, Mr. Meadows acknowledged working for a new employer at a higher pay rate from October 2025 forward. However, he did not introduce documentation showing that he earned less on restricted duty than he made on his injury date, so Mr. Meadows is not entitled to temporary partial disability benefits. Therefore, the Court finds that Mr. Meadows is unlikely to prevail at a hearing on the merits in his request for temporary disability benefits.

Finally, the First Report shows Brown waited over four months before it reported the claim, and Mr. Meadows did not receive a panel until over four months after his injury. Therefore, the Court refers this case to the Compliance Program for penalty assessments based on Brown's late filing of the accident report and late offering of a panel. *Id.* § 50-6-118(a)(2), (9).

**IT IS, THEREFORE, ORDERED** as follows:

1. The Court denies Mr. Meadows's request for benefits at this time.

2. This case is referred to the Compliance Program for penalties for Brown's late filing of the accident report and late offering of a panel.

3. The parties shall appear for a Status Hearing on Monday, August 10, 2026, at 3:00 p.m. Eastern Time/2:00 p.m. Central Time. The parties must call 423-634-0164 or 855-383-0001 to participate. Failure to call might result in a determination of the issues without the party's participation.

**ENTERED May 4, 2026.**

**JUDGE AUDREY HEADRICK**
**Court of Workers' Compensation Claims**

3

# APPENDIX

<u>Exhibits:</u>

1. Rule 72 Declarations of Mr. Meadows, March 9, 2026, and March 12, 2026
2. First Report
3. Concentra records
4. Prime Imaging records
5. 2024 Wages and Salary Summary Attachment; 2025 W-2 form; photos; text messages; handwritten note (For identification purposes only)
6. Panels (orthopedic and neurology)
7. Willing Family Chiropractic: undated, handwritten note and typed document with attachments[2]
8. Handwritten note of Mr. Meadows (For identification purposes only)
9. Mr. Meadows's discovery responses
10. Erlanger Medical Center (October 8, 2017; May 15, 2024; October 31, 2024; November 15, 2026)
11. Concentra Toxicology Result Certificate, January 15, 2026
12. Wage Statement

---

[2] The Court questions the authenticity of the documents and gives them no weight.

## CERTIFICATE OF SERVICE

I certify that a copy of this order was sent as shown on May 4, 2026.

| Name | Mail | Email | Service sent to: |
|---|---|---|---|
| Hunter Meadows, Employee | X | X | ███████████████████ |
| Nicholas J. Peterson, Employer's Attorney | | X | Nick.peterson@petersonwhite.com<br>Beverly.uphoff@petersonwhite.com |
| Compliance Program | | X | WCCompliance.program@tn.gov |

*Penny Shrum*

_____

**PENNY SHRUM, COURT CLERK**
**wc.courtclerk@tn.gov**

5



<u>Right to Appeal:</u>

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board.  To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal.  If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee.  If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk.  The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted.  For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

    **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable.  See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*